Per Curiam.
B-eplevin by appellant against appellee for a crop, partly severed from the soil, and partly not. Defense, as to the nnsevered portion, that the crop was grown on land of which the appellee was the purchaser under a decree of foreclosure, and the grantee by sheriff’s deed, and of which he had been placed in possession by virtue of a writ of assistance issued to the sheriff. Yerdict for the appellee, followed, after an ineffectual motion for a new trial, by judgment, from which this appeal is prosecuted.
We are unable to gain any understanding of this ease from the abstract of the record. The appellant assigns for error that “the court erred in rejecting the evidence of plaintiff’s witnesses as to the matter of the value of the use of, or damage to, the land on which the crops were situated, by the removal thereof.” There-is not a line or syllable in the abstract upon which we could hazard a conjecture as to the particular facts the appellant proposed to prove by his witnesses, or as to what the objections were to their testimony, or as to how it came about that their testimony was excluded. Next it is alleged that “ the court erred in ruling that the provisions of section 4, 'of the act of April 10, 1885 (forcible entry and detainer), are not applicable to this case.” On this subject, the following is all that the abstract contains : “ In the trial of the case the court held that the act of April 10, 1885, was not applicable to this case, and rejected the offer of testimony of plaintiff as to the value of the use of land to’remove this crop therefrom.” For aught we know the ruling complained of was grievous error, but the abstract contains nothing to indicate that it was not entirely proper. Before we could pass judgment upon it, we must be in possession of a good deal more information concerning it than the abstract imparts. Lastly, it is asserted that “ the court erred as to the law applicable to and governing this case in its charge to the jury as specifically set forth in its instruction numbered one.” Like error is assigned to instruction numbered two. It is appar *40 ent upon the face of the abstract that it contains fragments, only, of the instructions. Without the entire instructions, and without the evidence with reference to which they are supposed to have been framed, not a word of which is in the abstract, we would not undertake to discuss them. Besides, the abstract does not show that they were met by any objection, and if they were acquiesced in their contents are unimportant.
This abstract fails wholly of the purpose for which an abstract is required. Weiland v. Potter, 6 Colo. App. 451; Gotlieb v. Frost, 6 Colo. App. 452; Otto v. Hill, 11 Colo. App. 431; Johnson v. Spohr, post, p. 317.
The judgment will he affirmed.

Affirmed.