[No. 1679.]

## LEECH ET AL. v. CLEMONS.

1. APPELLATE PRACTICE—ABSTRACT OF RECORD.

Where the printed abstract of record contains nothing from which the court can determine whether or not evidence was improperly rejected, the court will not resort to the record on behalf of the party who prepared the abstract to determine an assignment of error based on that ground.

2. PRINCIPAL AND AGENT—COMMISSIONS—INSTRUCTION.

In an action for commission as agent, an instruction to the effect that, where a principal employs several agents to sell a piece of property the agent through whose efforts the purchaser is produced is alone entitled to commission, is erroneous where there is no evidence that any other agent than plaintiffs had been employed or that the property had been placed in any other hands for sale.

3. SAME—INTRODUCTION OF PURCHASER TO SELLER.

Where an agent produces a customer and is the procuring cause of a sale he is entitled to his commission notwithstanding he may not have formally introduced the purchaser to his principal, and an instruction which tells the jury that in order to recover a commission the agent must have introduced the purchaser is erroneous.

4. PRINCIPAL AND AGENT—COMMISSION—SUBAGENT.

Where agents authorized by the owner to sell property are instrumental through an employee of a subagent in producing a purchaser, and the principal completed the sale with knowledge of their claims, they are entitled to recover their commission notwithstanding the principal had already paid a commission to the party who actually introduced the purchaser.

*Appeal from the District Court of Boulder County.*

Mr. GUY D. DUNCAN and Messrs. PATTERSON, RICHARDSON & HAWKINS, for appellants.

Messrs. RIDDELL & STARKWEATHER, for appellee.

THOMSON, J.

The appellants sued the appellee for a commission on the sale of a mine, negotiated by them, as they alleged, as the agents of the defendant. The trial went against the plaintiffs, and they appealed to this court.

Error is assigned to the rejection of evidence, and the giving of instructions. There is nothing in the printed abstract to enable us to say whether any evidence was improperly rejected or not; and in behalf of the party by whom an abstract is prepared and filed, we never resort to the transcript. *Kelly v. Doyle,* 12 Colo. App. 38; *Johnson v. Spohr,* 12 Colo. App. 317. The answer denied any employment of the plaintiffs, and averred that the defendant agreed with one Wadsworth to pay him $5,000 to find a purchaser at $60,000, and that Wadsworth took the plaintiff Canfield in as a partner; but denied that either Wadsworth or Canfield had anything to do with the sale which was effected.

There was some evidence that the defendant placed the property with the plaintiff, Canfield, for sale, at $60,000, the latter to receive a commission of ten per cent out of the purchase price, and that the plaintiff Leech was interested with Canfield in the sale and commission. There was also evidence that the plaintiffs found a purchaser through a party named Burns, that they introduced Burns to the defendant, and that the defendant agreed with him (Burns) that he should have for his services whatever sum he might obtain for the mine over $60,000. There was further evidence that Mr. Burns employed a mining expert, named Coan, to examine the mine; that the latter closed up the transaction between the defendant and the purchaser Burns had found, receiving as commission $5,000 from the defendant, and $5,000 from the purchaser; that the defendant knew that Burns had found a purchaser; and that before the deal was completed, Canfield saw the defendant, and notified him that he claimed his commission. It appears that the arrangement with Wadsworth, mentioned in the answer, had expired before the alleged authority to the plaintiffs was given. The defendant's testimony was that he did not place the property with any agent; that he told everybody who inquired of him in relation to the matter, that his price was $60,000, and that the commission he would allow was $5,000; that the man who produced the purchaser should have the commission; and that Coan

fulfilled the requirement, and accordingly received the money. The testimony of the defendant was strongly corroborated by other evidence, and by circumstances. Nevertheless, there was evidence from which the jury might have found for the plaintiffs; and the only question is whether the case was properly submitted to them.

We do not deem it necessary to notice any of the instructions given, except those numbered two, three and five which are as follows:

" No. 2. The jury are instructed that when several persons are employed by the owner to sell a mine, the agent through whose efforts a purchaser is introduced is alone entitled to a commission. The question for you to decide is: Who produced Hanford as a purchaser? If you find that Coan alone did this, then the plaintiffs cannot recover.

"No. 3. The jury are instructed that the plaintiffs, in order to recover, must show that they were the persons who found the purchaser Hanford; that they introduced him to Clemons; that it was through their efforts that Hanford was found and induced to purchase the mine.

" No. 5. Where the principal has placed property in the hands of different agents, he may pay the commission to one who produced the purchaser. He is relieved from liability to the others and is not bound to inquire what part, if any, other agents had in the transaction. The owner of a mine may employ as many brokers as he wishes for the sale of the mine; a sale through one agent revokes the authority of the others; he may at the same time sell the mine himself, and the sale made by him revokes the authority of all agents."

The second and fifth are of the same general nature, and may be considered together. We find no fault with the legal proposition which they embody; the difficulty with them is that there was no evidence to which they could be made applicable. There was nothing in the testimony of the plaintiffs from which even an inference could be drawn that the defendant employed any agents outside of them, or that he placed the property in the hands of any agents but them; and

he denied explicitly that he employed any agents at all. According to him he proclaimed the price he offered for the property and the commission he would pay to any person who should effect a sale at his price, and left it open to anyone to earn the commission; and he employed no one, and placed the property in no one's hands, but invited every person, who so desired, to compete for the money. We quote from the brief of defendant's counsel: "Neither did he employ, nor put the property in the hands of any agent or broker for sale; he merely stated to all inquirers what he would sell for. He steadily declined to ' tie up ' the property in any way, but always reserved the right to sell to the first purchaser who applied and paid his price."

Instructions which impliedly assume the existence of evidence which was not given are erroneous. *Fisk v. Electric Light Co.*, 3 Colo. App. 319.

The third instruction would make it the duty of an agent, in all cases, not only to find a purchaser, but to give him an introduction to the principal; and would deny him a right to recover without such introduction. In *Finnerty v. Fritz*, 5 Colo. 174, the court say that " whenever it is made to appear that the agent is the procuring cause of the sale, the law leans to that construction which will best secure the payment of his commissions." Why an agent cannot be the procuring cause of a sale without formally introducing his client to his principal is past our comprehension. According to the plaintiffs, their subagent, Burns, found the purchaser; the employee of Burns picked him up, took him to the defendant, and made the bargain before the plaintiffs knew what was taking place; and as soon as they made the discovery, and before the money was paid, they notified the defendant that they claimed their compensation. Assuming the truth of their statements, they were under no duty to introduce the purchaser, personally, to the defendant; and if it was through their instrumentality that their subagent's employee was enabled to bring the purchaser and seller together, and consummate the transaction, the defendant completing it with

knowledge of their claim, they were entitled to the money. See *Williams v. Bishop*, 11 Colo. App. 378.  This instruction imposed an unwarrantable condition upon the plaintiffs' right of recovery.

Among the instructions given, the three to which we called attention, were prominent, and, in view of the evidence in the case, were necessarily injurious to the plaintiffs.  As we have said, there was some evidence upon which a verdict for the plaintiffs might have been found; and the jury should have had a fair opportunity to say whether they believed it or not.

The judgment will be reversed.

*Reversed.*