[No. 1594.]

THE DENVER CONSOLIDATED TRAMWAY CO. v. RILEY.

1. PRACTICE—PLEADING—AMENDMENT—HARMLESS ERROR.

The denial of a motion for leave to amend an answer is not reversible error where no proof offered was rejected on account of the absence from the answer of the allegation proposed by the amendment and where defendant suffered no injury by reason of the denial of the motion even though it was erroneous.

2. DAMAGE—PERSONAL INJURY—RES JUDICATA—WIFE'S RECOVERY NO BAR TO ACTION BY HUSBAND.

Where a wife sued and recovered damages for injuries caused by the negligence of a street railway company wherein her complaint alleged a permanent disability, and that since the injury she had been unable to perform any labor, and that she had expended large sums of money for medicine in attempting a cure of her injuries, but no special damage was alleged on account of loss of labor, and no specific amount of money was alleged as having been expended, held that the allegations of inability to perform labor and of the expenditure of money were allegations of matters of aggravation that went to show the severity of the injury and were not of themselves allegations of causes of action, such as would make the action by the wife *res judicata* of any part of an action subsequently brought by the husband for loss of services, companionship and society of his wife and for money expended on account of the same injury.

3. APPELLATE PRACTICE—ABSTRACT OF THE RECORD.

The appellate court will confine its investigation on behalf of the appellant or plaintiff in error to what he has seen fit to bring to the attention of the court in his printed abstract of the record.

4. DAMAGE—SUIT BY HUSBAND FOR INJURIES TO WIFE—EVIDENCE.

In an action by a husband for damages, in the loss of services, com-

panionship and society of his wife and for money expended in her care caused by injury to the wife by the negligence of a street railway company it was proper to refuse to admit in evidence the record of an action by the wife for the same injuries where the action by the wife involved none of the elements of damage sued for by the husband.

5. SAME.

Evidence that a husband assisted his wife in conducting a suit against a street railway for injuries caused by the negligence of the company and that the wife turned over the money recovered to her husband, was not competent on behalf of the defendant in a subsequent action by the husband for damages for loss of services, companionship and society of his wife and for money expended in her care on account of the same injury. Where there was no other proof that the two actions were for the same damages such evidence was totally irrelevant to the issues.

6. DAMAGE—LOSS OF COMPANIONSHIP, SOCIETY AND SERVICES OF WIFE—EVIDENCE.

In an action by a husband for damages for the loss of companionship, society and services of his wife on account of injuries caused by the negligence of a street railway company, the damages are not susceptible of proof by witnesses, and the amount of the compensation which the husband is entitled to recover is to be determined by the jury from their own observation, experience and knowledge, conscientiously applied to the facts and circumstances of the case.

7. DAMAGE—ACTION BY HUSBAND FOR INJURIES TO WIFE—INSTRUCTIONS.

In an action by a husband for damages on account of injuries to his wife, an instruction to the effect that if the evidence authorized a recovery, the plaintiff was entitled to compensation for expenses already incurred in endeavoring to effect a cure, as well as future expense to the same end as the jury might estimate it, and also for the loss past, present and prospective, of the society of his wife caused by her injuries, defining the relation which she sustained to him and the manner in which the damages should be found or estimated, was a proper instruction.

*Appeal from the District Court of Arapahoe County.*

Mr. A. M. STEVENSON and Mr. DANIEL PRESCOTT, for appellant.

Mr. A. J. RISING and Mr. B. M. MALONE, for appellee.

THOMSON, J.

The appellee sued the appellant for damages alleged to have been sustained by him in consequence of injuries received by his wife, Ada S. Riley, through the negligence of the appellant. The damages consisted, as stated, in the loss by the plaintiff of the services, companionship and society of his wife, the expenditure by him of a sum of money, amounting to $6,500, in taking care of her, and the forced abandonment by him of his business. The principal averments of the complaint were denied by the answer. The defendant also set forth the pleadings in an action theretofore brought by Ada S. Riley to recover damages for the same injuries mentioned in this complaint, averring that in her suit she recovered judgment for $3,250, and that while an appeal from that judgment was pending, the controversy was settled by the defendant paying to this plaintiff, and the plaintiff in that suit, $2,700, in full satisfaction of all demands of either or both of them against the defendant. The replication admitted the rendition of the judgment in that action, the appeal and the settlement, but denied that the money was paid in satisfaction of any demand of this plaintiff against the defendant.

After the replication was filed, the defendant moved the court for leave to amend its answer, so as to make it allege that the suit of Ada S. Riley was brought for and on behalf of herself and the plaintiff herein, and with his knowledge, consent, approval and assistance. The motion was denied, on the ground, among others, that the answer so amended would tender no issue which that pleading, as it was constructed, did not already tender. It is contended that this ruling was erroneous. We do not find it necessary to decide whether the amendment ought to have been allowed or not, because no proof offered by the defendant was rejected on account of the absence from the answer of the proposed allegation. For the reason that the decision resulted in no injury to the defendant, it would not, even if it might other-

wise be adjudged erroneous, constitute a valid ground for a reversal of the judgment.

It is contended for the defense that a portion of the plaintiff's cause of action was litigated in the suit brought by his wife, and was passed upon in that suit; that her action was brought by the authority of the plaintiff; that with full knowledge that a recovery was sought upon claims which belonged to him, he assisted her in its prosecution; that he is therefore concluded by her judgment, and, because a cause of action cannot be divided, and the different parts made the subject of separate actions, as her recovery embraced at least a portion of his demand, that judgment is an effectual bar to this suit. What the issues were in that case, and what they are in this, must be determined from the pleadings. An examination of the plaintiff's complaint shows that he seeks a recovery for the loss of the services, companionship and society of his wife, and for moneys which he was compelled to expend in taking care of her. The complaint of Ada S. Riley, after stating the circumstances of the accident, proceeded as follows:

" That in consequence and by reason of her being so as aforesaid thrown upon the ground, plaintiff suffered severe and permanent injury and great pain and anguish, and became sick, sore, lame and permanently disabled.

" That she has been sick and disabled ever since said injury and unable to perform any labor since said injury.

" That she has expended large sums of money for medicine in attempting a cure for said injuries.

" That by reason of said careless and negligent conduct upon the part of said defendant, she has been injured in the sum of $20,000."

Now it is said that one of the elements of the damage for which she sued was her inability to perform labor; that one of the elements of the damage alleged by him was the loss of her services, as a consequence of her inability to perform labor, and that the two complaints therefore embraced the same claim. It is also said that her statement of the ex-

penditure of money necessitated by the injury, and his statement of the expenditure of money necessitated by the injury, covered, to some extent at least, the same ground; and that, to such extent, the two complaints set forth the same cause of action. We must disagree with the learned counsel in their construction of the pleadings. We do not think the disability of Mrs. Riley was alleged in her complaint as a distinct ground of damage, or that she ought to recover for any loss sustained by reason of her disability. In connection with the fact and nature of the injury, it was entirely proper to show its severity, and we know of no better method of doing that than by a statement of its after effects. Certainly an injury by which one is disabled is more serious than one by which he is not disabled, and the disability which results is an element of the damage sustained, without any reference at all to the pecuniary loss it may entail. The statement of Mrs. Riley of her disability, and her inability to perform labor, considered in connection with what precedes and what follows it, is a statement merely of matter of aggravation, and was not inserted as being in itself a cause of action. The same observations are, we think, applicable to her allegation that she expended large sums of money in attempting a cure of her injury. If the purpose of the suit was to recover back money which she had paid out, this allegation should have been differently framed. A complaint asking judgment for money expended, but not showing the amount which had been paid, would not be good. In the averment of the expenditure of money for the purpose of a cure, without more, the pleader must have had some other object in view than a recovery of the money expended. The statement is preceded by an allegation of the disability which followed the injury, and was, as we think, inserted for the same purpose, namely, to show the extent of the injury. The two averments amount only to a statement that the injury was so severe that it rendered the plaintiff unable to perform labor, and necessitated the expenditure of large sums for medicine. See *Fuller v. Railroad Co.*, 21 Conn. 556. Basing

our judgment on the pleadings alone, we do not think that this plaintiff's cause of action embraced any matter which was involved in the suit instituted by his wife.

The defendant, over the plaintiff's objection, introduced the record in Ada S. Riley's suit. Afterwards the plaintiff moved to strike it out for the same reasons on which his objection to its introduction was based, namely, that it contained nothing which tended in any degree to establish any of the allegations of the answer, or to rebut any of the evidence introduced by the plaintiff, or to show that the plaintiff's cause of action comprehended any matter which was embraced or litigated in the suit of Mrs. Riley. The motion was sustained, and error is alleged to the ruling. The printed abstract which the appellant has furnished does not set forth this record, or any summary of it, and does not even give us a hint of what it contains. Nor does the defendant's brief offer us any assistance in ferreting out the alleged error. In relation to this the following is all that we find in the brief:

"The tenth assignment of error is based upon the action of the court in sustaining the motion of the plaintiff to strike out all evidence whatsoever concerning the litigation of Ada S. Riley against the tramway company. As will be seen from examination of the record, the court finally did do this, and held that all evidence of that litigation must be excluded for all purposes whatsoever. Upon any line of reasoning this was erroneous."

"By a perusal of what happened upon the trial of the case of Ada S. Riley, it appears that the jury were asked, in the presence of Sylvanus A. Riley, and with his knowledge and consent, to give a recovery for certain things which he would have otherwise been entitled to recover himself, alone; and that he made no objection to it."

"In the complaint of Ada S. Riley, the expenses which she sued for were not stated to have been expenses of her own. On the contrary, neither in her pleadings nor in her proofs does it appear that such expenses were her own, but it does appear

that both Mr. Riley and Mrs. Riley, during the progress of her suit, were made aware, by the remarks of counsel and otherwise, that under the charge of the court she was asking for a recovery of what belonged to him."

The defendant thus seeks to place upon us the burden of an examination of the transcript to find something which it was the duty of counsel to lay before us themselves. If that record was relied upon to show error in the ruling, compliance with our rules required that it should be contained in the abstract. In behalf of an appellant, or plaintiff in error, our investigation of a case is confined to what he has seen fit to bring to our attention in his printed abstract. *Otto v. Hill*, 11 Colo. App. 431; *Kelly v. Doyle*, 12 Colo. App. 38; *Johnson v. Spohr*, 12 Colo. App. 317. However, the plaintiff's counsel, in their brief, quote from the bill of exceptions and instructions embraced in that record, what they say is all that has any bearing upon the question of identity in the two causes of action. To verify counsel's assertion we have gone to the transcript. An examination of that supports their statement, and it also sustains the decision of the court in striking out the evidence. The bill of exceptions discloses nothing in the way of proof upon which the jury could have found any sum for loss of services or for expenditure of money on account of the injury, and no question involving such loss or expenditure was submitted by the instructions. The evidence, if it had been suffered to remain, could have had no possible effect upon the case, except, perhaps, to embarrass or mislead the jury. It was not error to strike it out.

It was shown that the plaintiff assisted his wife, in various ways, in instituting and maintaining her suit. He had a hand in the employment of attorneys, and seems to have been active generally in forwarding the purposes of the action. It also appears that when the case was settled, she received payment in a check drawn by the tramway company, payable to her order; that this check, indorsed by her and her husband, was deposited in the bank to the latter's

credit, and that he used the money, partly in payment of her attorneys, and partly for other purposes. After evidence of these matters had been introduced, the most if not all of it was, on motion of the plaintiff, ordered stricken out on the ground of irrelevancy, and this ruling is the subject of complaint by the defendant. That assistance rendered by a husband to his wife, in her efforts to obtain reparation for an injury done to her, should be made the subject of a charge against him, strikes us as being, at least, strange. We think that if, under the circumstances of her case, he had not given her such help as was in his power, he would have failed of his duty; and we do not discover any reason why, after she had received her money, she was not at liberty to make such disposition of it as she pleased. Whether a recovery by the plaintiff would result in a double payment by the company of the sum claimed, was a legitimate subject of inquiry. But the question was one which the mere fact that he assisted her in her action, and the mere fact that she turned the money over to him after she obtained it, did not touch. The evidence might possibly have been of some consequence in a corroborative way, if there had been any proof that the two causes of action were, in any respect, the same; but there was no such proof, and there was no showing from which the court could say as a matter of law, or the jury could say as a matter of fact, that any part of the plaintiff's cause of action was presented or litigated in Mrs. Riley's suit. Standing alone, the evidence was totally irrelevant to the issues, and the court very properly declined to permit it to incumber the case.

There is some discussion of the question of the kind and amount of proof which is necessary, in a case like this, to enable a husband to recover for the loss of the services, companionship and society of his wife. What these were worth in money, was not shown; and, upon a little reflection, it is apparent that it could not be. The companionship and society of a wife are not articles of commerce. They cannot be weighed or measured; they are not bought and sold, and

no expert is competent to testify to their value. The consideration upon which they are bestowed is not pecuniary. Yet the husband is entitled to compensation in money for their loss, and the amount of that compensation is to be determined by the jury, not from evidence of value, but from their own observation, experience and knowledge, conscientiously applied to the facts and circumstances of the case. So also in relation to the services of the wife. The wife does not occupy the position of a servant, and her services to her husband are not those of a servant. She makes his home cheerful and inviting, and ministers to his happiness in a multitude of ways outside of the drudgery of household labor. All the work of the house may be done by hired employees, and her services still give character to the home. They are not rendered in accordance with set rules; they are not repeated in regular order from day to day; they have their source in the thoughtfulness of the wife, and her regard for her husband, and no witness is qualified to define them, or reduce them to a list, or say what they are worth, so that their value must also be estimated by the jury. *Furnish v. Railway Co.*, 102 Mo. 669; *R. R. Co. v. Johnson*, 91 Ga. 466.

There was some proof of expense incurred by the plaintiff in taking care of his wife, but the court instructed the jury that he was not entitled to recover for his own services in the house, or as a nurse to his wife, or for loss of time in caring for her. Whether these rulings against him were proper, is not in question; but we think the evidence of his expense was sufficient to go to the jury.

The court instructed the jury that if the evidence authorized a recovery, the plaintiff was entitled to compensation for expenses already incurred in endeavoring to effect a cure, as well as future expense necessary to the same end, as the jury might estimate it, and also for the loss, past, present and prospective, of the society of his wife, caused by her injuries, defining the relation which she sustained to him, and the manner in which the damages should be found or estimated. The instruction is assigned for error, and is attacked in argu-

ment. We regard the instruction as entirely sound, and in harmony with settled principles, and, moreover, it bears the stamp of approval by the supreme court in *Railway Co. v. Jones*, 21 Colo. 340, from the opinion in which case it was evidently taken. The other instructions given, are in harmony with the views which we have expressed.

Complaint is made of the rejection of instructions requested by the defendant. There is a considerable number of these, and the time and space which would be required to notice them in detail would be out of proportion to the good which would be accomplished. It is sufficient to say that they rest upon theories, which, although ably and earnestly maintained by counsel, are at variance with conclusions·we have reached in this opinion, and the action of the court in relation to them must be upheld.

Our examination of the record has disclosed no error which would warrant us in reversing the judgment, and it will therefore be affirmed.

*Affirmed.*