JAMES H. PROUTY, Admr., Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed April 19, 1911—Rehearing denied June 7, 1911.*

1. PLEADING—*a party suing city for personal injury must aver that notice was given.* If an action against a city is for injuries to the person of the plaintiff the declaration must aver that the notice required by section 2 of the act of 1905, containing a statement of certain facts, was given to the city in the manner required by such statute; and failure to make the averment until after the Statute of Limitations has run is a good defense.

2. SAME—*averment of notice is unnecessary if suit is not one for a personal injury.* Neither under the title of the act of 1905, "concerning suits for personal injuries," nor section 1 of said act, can it be said that the giving of the notice provided for in section 2 is intended to apply to any actions against a city, town or village except actions for personal injury.

3. ACTIONS AND DEFENSES—*when action is for personal injury.* If a person suffers an injury to his person by the wrongful or negligent act of another, his right of action to recover damages exists independently of any statute and is an action for personal injury; and if he dies from some cause other than the injury, the right of action which he had for the injury survives and may be maintained by his personal representative.

4. SAME—*action by an administrator to recover damages for a wrongful death is statutory.* Where a person who is injured by the wrongful act or neglect of another dies as the result of his injuries before bringing suit, his personal representative has the right to bring an action for damages to recover the pecuniary loss to the widow and next of kin; but this right of action is statutory and not a survival of decedent's right of action for personal injury.

5. SAME—*statutory action by an administrator is not a suit for personal injury.* The right of action given by statute to the administrator of a person whose death has resulted from the wrongful act or neglect of another, to recover the pecuniary loss to the widow and next of kin, is not an action for a personal injury. (*Crane* v. *C.* & *W. I. R. R. Co.* 233 Ill. 259, and *Mooney* v. *City of Chicago,* 239 id. 414, distinguished.)

6. MUNICIPAL CORPORATIONS—*act of 1905, concerning notice to city of a personal injury, does not apply to suit by administrator.* The act of 1905, requiring a person intending to bring an action against a city for personal injury to file a notice or statement with the city attorney, containing certain specified matters, does not apply to the statutory action by an administrator of a person whose death has resulted from the city's negligence, to recover the pecuniary damages sustained by the widow and next of kin.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

GEORGE E. GORMAN, JAMES A. BRADY, and BRADY, BARNUM & RUTLEDGE, (A. S. LANGILLE, and DANIEL BELASCO, of counsel,) for appellant:

"A suit at law for personal injury" is not the same cause of action as a suit brought in the name of an administrator for "compensation for causing death by wrongful act," and therefore the latter is not affected by section 2 of the Cities and Villages act of 1905. Stat. 9 and 10 Victoria, chap. 93, enacted in 1846; *Blake* v. *Railway Co.* 10 L. & E. 439; *Whitford* v. *Railroad Co.* 23 N. Y. 465; *Railroad Co.* v. *Larussi,* 161 Fed. Rep. 70; *Brown* v. *Salt Lake City,* 93 Pac. Rep. 570; *Maylone* v. *St. Paul,* 40

Minn. 406; *Clark* v. *Manchester,* 62 N. H. 577; *Mc-Keigue* v. *Janesville,* 68 Wis. 40; *Perkins* v. *Oxford,* 66 Me. 545; *Orth* v. *Belgrade,* 91 N. W. Rep. 843.

The injury suffered by the widow and next of kin of a deceased in case of death by wrongful act is not such a personal injury as to make section 2 of the Cities and Villages act of 1905 apply to Lord Campbell's act. See authorities *supra.*

EDWARD J. BRUNDAGE, Corporation Counsel, and CLYDE L. DAY, City Attorney, (EDWARD C. FITCH, of counsel, for appellee:

An action brought under the provisions of sections 1 and 2 of chapter 70 of Hurd's Statutes of 1909 is an action to recover damages on account of personal injuries. *Holton* v. *Daly,* 106 Ill. 131; *Crane* v. *Railroad Co.* 233 id. 259; *Railroad Co.* v. *Ackley,* 171 id. 109; *Devine* v. *Healy,* 241 id. 34; *Railroad Co.* v. *O'Connor,* 119 id. 586; *Titman* v. *Mayor,* 57 Hun, 469; *Mooney* v. *Chicago,* 239 Ill. 41; *Crapo* v. *Syracuse,* 183 N. Y. 395; *Carden* v. *Railroad Co.* 19 Ky. L. 132; *Railway Co.* v. *Kelly,* 20 id. 1238; *Lyon* v. *Railroad Co.* 107 Fed. Rep. 386; *Whaley* v. *Catlett,* 103 Tenn. 347.

An action brought under the provisions of sections 1 and 2 of chapter 70 of Hurd's Statutes of 1909, being an action on account of personal injuries, is within the provisions of sections 2 and 3 of the act of 1905, entitled "An act concerning suits at law for personal injuries and against cities, villages and towns." *Crapo* v. *Syracuse,* 183 N. Y. 395; *Titman* v. *Mayor,* 57 Hun, 469.

The second section of the act of 1905 requires that the notice be served by the "person who is about to bring" the suit, either by himself, his agent or attorney. The person sustaining the bodily injury is not required to serve notice, or cause it to be served, unless he is the person about to bring the suit.

·The term "personal injury," or "injury to the person," is broad enough to include all actions of tort founded on injuries to the body of any one in such relations to the plaintiff that the injury causes him damage; and a physical injury to a wife, resulting in loss of her services, is an injury to the person of the husband. *Mulvey* v.·*Boston,* 197 Mass. 178; *Maxson* v. *Railroad Co.* 112 N. Y. 559; *Kujek* v. *Goldman,* 29 N. Y. Supp. 294.

The term "personal injury" means not only a physical injury to the person, but also an injury to his absolute or relative personal rights, and includes libel and slander. *Johnson* v. *Bradstreet Co.* 87 Ga. 79.

An injury to the person which results in death is a personal injury. *New* v. *Railway Co.* 116 Ga. 147.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 14, 1906, appellant, James H. Prouty, administrator of the estate of Michael J. Doyle, deceased, brought this action on the case in the superior court of Cook county against the appellee, the city of Chicago, and on November 21, 1906, filed his declaration, alleging in seven counts wrongful acts of the defendant committed on October 27, 1906, causing the death of Doyle on the same day and depriving the widow and next of kin of their means of support. A plea of the general issue to the declaration was filed. There was no averment in any of the counts that notice had been given to the city in accordance with section 2 of the act entitled "An act concerning suits at law for personal injuries and against cities, villages and towns," in force July 1, 1905. (Laws of 1905, p. 111.) On April 17, 1908, by leave of court, plaintiff filed seven additional counts, which were identical with the original counts except that each contained an averment of service of such notice on November 13, 1906. To these additional

counts the defendant filed pleas of the general issue and the Statute of Limitations. The plaintiff demurred to the plea of the Statute of Limitations and the demurrer was over-ruled. The plaintiff elected to stand by his demurrer and the suit was dismissed at his costs. He appealed from the judgment to the Appellate Court for the First District and the cause was heard in the branch of that court, which affirmed the judgment and granted a certificate of import-ance and an appeal to this court.

If this suit is for a personal injury, the giving of the notice specified in the second section of the act of 1905 was a fact which it was necessary for the plaintiff to prove in order to maintain the action, and therefore one of the facts which he was bound to aver in his declaration. (*Erford v. City of Peoria,* 229 Ill. 546; *Walters* v. *City of Ottawa,* 240 id. 259.) The averment was first made in the addi-tional counts, more than one year after the date on which it was alleged that Doyle died, and if the averment was a necessary one the Statute of Limitations was a good plea and the court was right in overruling the demurrer, but if the suit is not for a personal injury the court erred.

One who suffers an injury to his person as a conse-quence of the wrongful or negligent act of another has a right of action for the damages resulting from such injury without the aid of any statute but by a right which existed at common law. His action is for the personal injury, and he may recover for pain and suffering, physical and mental, for expenses of medical treatment and attendance, and per-manent effects upon his person reasonably certain to result. If he dies from some other cause than the injury the action for the injury to his person survives to his personal repre-sentative, who may recover damages for the personal in-jury. (*Savage* v. *Chicago and Joliet Electric Railway Co.* 238 Ill. 392; *Holton* v. *Daly,* 106 id. 131.) In the common understanding and legal meaning such a suit is for a per-sonal injury. That is also true of any suit for injury to

a living person brought by one sustaining such relations to the injured person that the plaintiff suffered damages as a consequence of the injury. If an injured person survives and brings a suit for the personal injury and afterward dies from its effects the action does not survive but abates, and a different right of action is substituted based upon a statute. That is the right of personal representatives of a deceased person to bring a suit and recover the pecuniary injuries to the widow and next of kin occasioned by his death, and that right exists in this State by virtue of the act of 1853, entitled "An act requiring compensation for causing death from wrongful act, neglect or default." (Laws of 1853, p. 97.) That act does not, in its language or in substance, create a cause of action for a personal injury. It provides that whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person or company or corporation which would have been liable if death had not ensued shall be liable to an action for damages resulting to the widow and next of kin from his death. We are asked to say that a suit of that kind is the same as a suit by a living person for damages sustained on account of an injury to his person, but it seems to us that it would require a perversion and change of language to reach such a conclusion.

By the general Statute of Limitations actions for damages on account of an injury to a person must be commenced within two years next after the cause of action accrued, but the statutory action is barred at the expiration of one year from the death of the person for which it may be brought. The title of the act requiring notice has already been given, and it relates only to suits at law for personal injuries. The first section provides that no suit shall be brought by any person for an injury to his person

unless such suit or action be commenced within one year from the time such injury was received or the cause of action accrued. It would be impossible to include the statutory action in that section, both because its language is limited to suits brought by any person for an injury to his person, but also because the limitation of the statutory action was already one year. Section 2 provides for the notice, and counsel contend that it includes a class of cases not mentioned either in section 1 or in the title. That would not be the natural construction of the act unless there is specific language in section 2 requiring such a conclusion. The notice is to be given within six months from the date of the injury or when the cause of action accrued. Counsel think the section may apply by requiring notice within six months after the cause of action accrued, but that is precisely the same language used in section 1, which limits the right to bring suit to one year from the time the injury was received or the cause of action accrued. There is no change in the language which would justify an enlargement of the meaning. The Appellate Court adopted the view of counsel that an administrator must give notice within six months after his appointment, citing *Crapo* v. *City of Syracuse,* 183 N. Y. 395, as authority for so holding. In that case the majority of the court were of the opinion that the cause of action accrued upon the appointment of the administratrix sixteen months after the death, but our statute does not treat the action as accruing on the appointment of an administrator but bars it in one year after the death. To adopt the conclusion of the Appellate Court we would have to say that an administrator might be appointed near the end of the limitation fixed for bringing the suit, but the legislature intended to give him six months after his appointment, extending after the action was barred, to give the notice. The section requiring notice imposes the duty upon the person who is about to bring the suit, which must necessarily be the administrator, and

to say that he may give notice within six months after his appointment would involve an absurdity. In the *Crapo case* the majority of the court were of the opinion that the action was for personal injuries, but the question was immaterial in the case, as the court stated on the motion for a re-argument. It was then said that the majority differed among themselves whether the action was for a personal injury, but the question was immaterial so long as it was held that the cause of action did not accrue until the appointment of the administratrix. (*Crapo* v. *City of Syracuse*, 76 N. E. Rep. 1092.) The judges who thought the action was for a personal injury were not in accord with the courts generally, which hold that a statute requiring ·notice of a personal injury does not include claims for damages suffered by third persons by reason of death. *McKeigue* v. *City of Janesville*, 68 Wis. 50; *Clark* v. *Manchester*, 62 N. H. 577; *Maylone* v. *City of St. Paul*, 40 Minn. 406; *Perkins* v. *Oxford*, 66 Me. 545; *Brown* v. *Salt Lake City*, 93 Pac. Rep. 570.

It is urged that it would be as beneficial to a city to have notice in a case where an injury results in death as where the action is brought by the person injured for the injury to his person. Perhaps it would be a benefit to any defendant charged with a wrongful act, neglect or default causing death to have timely notice of the facts mentioned in the statute, but whether provision shall be made for such notice is for the legislature, and it is not for the courts to impose conditions not required by the law upon persons who are given a right of action for a wrong.

The theory that the legislature intended to include actions for damages for the benefit of third persons, on account of death, in the category of suits for personal injuries, is sought to be sustained by decisions that the wrongful act, neglect or default constitutes the cause of action in a suit brought by an administrator. *Crane* v. *Chicago and Western Indiana Railroad Co.* 233 Ill. 259, and *Mooney* v.

*City of Chicago,* 239 id. 414, are cited to show that the statutory action is for personal injuries. In the *Crane case* the question was whether the statutory provision that no action should be brought to recover damages for a death occurring outside of the State referred to the death alone, or to both the wrongful act, neglect or default and the death. It was held to include both, but it was not held that a declaration which merely alleged the wrongful act, neglect or default, and did not aver the death, would state a good cause of action. The wrongful act, neglect or default constitutes a cause of action in the sense that it is an interference with a right of the plaintiff or a breach of duty which gives the plaintiff ground for complaint and renders the defendant liable for any damage that may result. If death is concurrent with the act, neglect or default, no one stating the fact would think of saying that the person was injured, and death is never described as an injury to the person. In the *Mooney case* it was held that where the wrongful act, neglect or default did not result in instant death the administrator could not maintain an action unless the deceased had a right to sue at the time of his death, and if he had released defendant the statute would not authorize the administrator to sue. We find no reason for saying that notice is required by section 2 of the act in question where an action is by an administrator under the statute.

The judgments of the Appellate Court and superior court are reversed and the cause is remanded to the superior court, with directions to sustain the demurrer to the plea of the Statute of Limitations.

*Reversed and remanded, with directions.*