## No. 10,990.

### LEE, ET AL. *v.* CITY OF FORT MORGAN.

Decided April 6, 1925.

Action by parents for the death of their minor son alleged to have been occasioned by the negligence of a municipal corporation. Judgment for defendant.

### *Affirmed.*

1. MUNICIPAL CORPORATIONS—*Negligence—Notice.* Section 9157, C. L. '21, providing for notice to municipalities of accidental injuries occasioned by negligence applies to the right of action given by statute to recover for death.

2. STATUTES—*Construction.* The words "person injured" as used in section 9157, C. L. '21, means the person damaged by the accident that directly caused the personal injury, and also the person damaged indirectly by an accident that resulted in the death of another.

3. WORDS AND PHRASES—"Damage" and "Injury," are sometimes used synonymously.

4. NOTICE—*Statutory Construction.* The notice provided by section 9157, C. L. '21, is to be given within 90 days after the accident, or if the injured person dies, and claim is made by another for his death, the notice must be given within 90 days after the death of the person injured.

*Error to the District Court of Morgan County, Hon. L. C. Stephenson, Judge.*

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. EVERETT BELL, for plaintiffs in error.

Mr. STOTON R. STEPHENSON, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IDA LEE and William Lee, mother and father of George Richard Lee, a minor, seven years of age, brought this action against the city of Fort Morgan to recover compensation for the death of their minor son which they allege resulted from an injury negligently inflicted upon him by the city. The action is based on section 6303, C. L. 1921, reading: "Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the party injured."

Section 6302 provides, if the deceased be a minor, the father and mother may, as they did here, join in the action as plaintiffs. The court sustained the demurrer of the city to the complaint and dismissed the action on the ground that the prescribed written notice had not been

given to the city clerk as required by section 9157, C. L. 1921, which reads: "No action for the recovery of compensation for personal injury or death against any city of the first or second class or any town, on account of its negligence, shall be maintained unless written notice of the time, place and cause of injury is given to the clerk of the city, or recorder of the town, by the person injured, his agent or attorney, within ninety (90) days and the action is commenced within two years from the occurrence of the accident causing the injury or death."

The question for decision is whether the notice statute above applies to one to whom the right or cause of action is given by the statute to recover compensation for death.

From other states having statutes substantially the same as our section 6303, supra, and also having statutes requiring notice, counsel for plaintiffs have cited cases holding that the notice statutes therein construed do not apply to actions for death, but are restricted to actions for the personal injury by the person himself who is injured. *Prouty v. City of Chicago,* 250 Ill. 222, 95 N. E. 147; *McKeigue v. City of Janesville,* 68 Wis. 50, 31 N. W. 298; *Clark v. City of Manchester,* 62 N. H. 577; *Maylone v. City of St. Paul,* 40 Minn. 406, 42 N. W. 88; *Perkins v. Oxford,* 66 Me. 545; *Brown v. Salt Lake City,* 33 Utah, 222, 233, 93 Pac. 570, 14 L. R. A. (N. S.) 619, 126 Am. St. Rep. 828.

There are other cases, some of which are referred to in the opinions of the cited cases, where broader statutes have been held to apply to both kinds of actions—those for death as well as those for personal injury. An examination of the statutes construed in the foregoing cases reveals that none of them is as broad as ours, and the decisions in those cases are not authority with us. In each of these cases it was held that the statute under consideration, as shown by the title or by the contents, or by both, did not in terms apply, and was not intended to apply, to an action for death, but, on the contrary, was restricted to actions for personal injury by the person injured. In the Brown Case from Utah the notice statute included all

claims against a city or town for damages or injury aris-
ing from certain causes and the provision was that no ac-
tion thereof without notice shall be maintained "against
any city   *   *   *   for injury to person or property." In
the Prouty Case from Illinois the title of the act was: "An
act concerning suits at law for personal injuries." The
court there held that an action for death was not a suit
for personal injury and, therefore, notice was not required
in such a case. In the McKeigue Case from Wisconsin the
court held that under the section of the statute there con-
strued no one can maintain an action under the same other
than the party injured and, of course, if the action for
death was not maintainable under the section, no notice is
required in a death action. It would serve no useful pur-
pose to comment upon any other of the cases relied upon
by plaintiffs, for our statute so clearly and unmistakably
includes actions for death as well as for personal injury.
There is no ambiguity in it and no room for construction
so far as concerns the kind of actions within its purview.
It reads: "No action for the recovery of compensation for
personal injury or death against any city of the first or
second class or any town, on account of its negligence, shall
be maintained" etc. Two kinds of actions are named there-
in: one, the common law action by the injured person,
which exists independently of statute, for the personal in-
jury he has sustained. The other is a creature of the
statute which gives to a designated person or persons the
right or cause of action to recover compensation which,
under the statute, he or they are entitled to for the death
resulting from the injury. In this state there is no sur-
vival of an action of trespass or for injuries to the person.
Section 5383, C. L. 1921. This statutory action is not the
survival of the action to recover for the personal injury
but is a new and different kind of action and is to recover
compensation for death. See Prouty Case, supra. Some
of the elements of the one are absent from the other, as,
for example, the injured person may recover for physical
and mental pain, bodily disfigurement, decreased earning

power, loss of time, which in an action for death are not recoverable.

Counsel for plaintiffs, however, vigorously argue that such construction should not be given to our statute, although in terms the notice statute includes actions to recover compensation for death. Counsel say that if the injured person does not die until after the expiration of the ninety days from the occurrence of the accident, it would be impossible to comply with this statute in such a case as we have in hand and the statute, therefore, would be nullified. So far as concerns this particular case this is not important for the injured person died shortly after the injury was inflicted and upon the same day. These plaintiffs could have given the required notice. We may, however, as counsel for plaintiffs do, imagine a case where the injured person does not die until after the expiration of the limitation period. The statute requires notice to be given in both kinds of actions by "the person injured", his agent or attorney. "The person injured" means "the person damaged" by the accident that directly caused the personal injury, and also "the person damaged" indirectly or secondarily by the accident that results in death. "Damage" and "injury" are sometimes used synonymously. *Colorado M. & E. Co. v. Mitchell,* 26 Colo. 284, 287, 58 Pac. 28. We think they are so employed in this statute. This statute we think means that where the action is for the personal injury by the injured person the limitation period of ninety days begins to run from the occurrence of the accident that caused the injury and on that day the damage was suffered. As to the injured person his damage or misfortune then was sustained. In actions for death the limitation period begins on the day of death because at that time the right or cause of action for compensatory damages ripens. As to the statutory beneficiary his damage or misfortune was then sustained. Though the accident or thing that caused or resulted in the death of the injured person may have been inflicted upon his person ninety days or more before his death occurred, the resulting misfor-

tune or damages to the statutory beneficiary of the deceased does not ripen until the moment of death, though its inception antedated death. Up to the time of death the injury inflicted is continuous, so far as concerns the injured person, but it ceases at his death and at that moment the right to compensatory damages in the beneficiaries because of the death springs into existence. An analogous principle is in the case of dower at the common law which is the interest in her husband's property that the wife has during his lifetime. This is called an inchoate right of dower which becomes consummated by, and attaches at, the death of the husband. One is not required to anticipate that he will be injured by the negligence of a city or town, and until the injury is inflicted he should not be called upon to take steps to preserve or protect his right of action to recover damages for the injury if it is inflicted. Ordinarily one is not called on to protect or preserve a right, until he has a right to be safeguarded. Neither should a relative of an injured person upon whom in case of death a right of action is given, be required in advance of the death to act to preserve his right to sue for the anticipated death, since his right of action does not accrue until death occurs. We do not think the construction we have put upon this statute is strained but it is one of which it is fairly susceptible and one that gives effect to the intention of the General Assembly. The object of such statutes requiring notice is to protect cities and towns from unnecessary expenses and the annoyance of legal proceedings until claims against them may be investigated, and to give to the municipalities while the facts are fresh, time and opportunity to inform themselves as to the merits of the claims and determine whether they will audit and allow them. This object is secured and the rights of injured persons and their beneficiaries amply protected by the construction which we have given to this limitation statute.

The judgment of the district court, being in accordance with our views, is accordingly affirmed.