477 P.2d 805 (1970)
Sonja P. CROUCH, Plaintiff in Error,
v.
Clarence Elmer WEST, Defendant in Error.
No. 70-514, (Supreme Court No. 24103.)
Colorado Court of Appeals, Div. I.
December 8, 1970.
O'Leary & Ratner, Colorado Springs, for plaintiff in error.
Geddes, Weir, Sparks & O'Brien, Colorado Springs, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties are before us in their trial court positions. In the action below, the plaintiff and her husband filed a complaint against the defendant, claiming that as a result of an automobile accident involving the defendant and plaintiff's husband, the plaintiff's husband had suffered personal injuries. It was also asserted that the plaintiff herself had suffered mental and physical impairment as a result of the injuries to her husband, and, additionally, a claim for loss of consortium was asserted on behalf of the plaintiff. Prior to trial, the husband's claim for personal injuries was settled. A letter signed by counsel for the respective parties set forth the terms of the settlement. By its terms the settlement letter was confined to payment for the claim of the plaintiff's husband. Prior to approving the letter, and with the concurrence of the defendant's counsel, plaintiff's attorney inserted the statement that the case of the plaintiff was to continue to trial.
Upon commencement of the trial of plaintiff's case, defendant moved to dismiss the wife's claim for loss of consortium on the ground that the settlement payment to the husband for his direct injury also compensated for any loss of consortium damages which might be claimed by the wife. The trial court granted the defendant's motion, and this appeal challenges that ruling.
*806 The ruling was incorrect and is reversed. In three decisions, uttered prior to the year 1961, our Supreme Court held that a married woman could not recover for loss of her right to consortium "indirectly" resulting from injuries inflicted upon her husband. Giggey v. Gallagher Transportation Co., 101 Colo. 258, 72 P.2d 1100; cited and followed in Franzen v. Zimmerman, 127 Colo. 381, 256 P.2d 897; and in Johnson v. Enlow, 132 Colo. 101, 286 P.2d 630. This was the law of this jurisdiction as to married women, although a directly contrary rule had been applied with respect to such claims when asserted by a husband. Denver Consolidated Tramway Co. v. Riley, 14 Colo.App. 132, 59 P. 476. In Giggey it was also specifically held that a judgment in favor of the husband redressed any alleged wrong to the wife based upon the loss of consortium.
It is our opinion that, with the enactment of C.R.S.1963, 90-2-11, in 1961, the rule denying a wife the right to sue for loss of consortium resulting from injuries inflicted upon her husband was changed. That statute provides:
"In all actions for a tort by a married woman, she shall have the same right to recover for loss of consortium of her husband as is afforded husbands in like actions."
At the time of the enactment of this statute, the right of a husband to recover for loss of consortium due to injuries inflicted upon his wife, first confirmed in Denver Consolidated Tramway Co. v. Riley, supra, had not been denied or restricted by any later or higher authority. We conclude, therefore, that the legislature intended to confer such right upon the wife, and to confer it upon her as a separate right similar to that held by married men. We find this to be consistent with what we regard to be a realistic appraisal, made by another court, of the effect of an injury inflicted upon one spouse. There may in such situations have been but one wrong, "but from it sprang two separate and distinct rights of action, one in the husband and the other in the wife. Their actions are wholly distinct and separate from each other, and since there is no privity between them in the connection involved, an adjudication in one could not properly be res judicata in the other." Kraut v. Cleveland Ry. Co., 132 Ohio St. 125, 5 N.E.2d 324. Since under our present law the claim of the wife is her own right and is a right which is separate from the claims of her husband, it could have been and was validly separated from the pretrial settlement of the husband's claim for his personal injuries. See Sove v. Smith, 6 Cir., 311 F.2d 5.
The trial court's judgment dismissing the wife's claim for damages arising from loss of consortium is reversed, and this cause is remanded for further proceedings consistent with this opinion.
DWYER and PIERCE, JJ., concur.