### In re the MARRIAGE OF Roxane L. FJELDHEIM, Appellee,

### and

### Todd W. Fjeldheim, Appellant.

### No. 83CA0185.

Colorado Court of Appeals, Div. I.

Oct. 27, 1983.

Carol Ann Kavanaugh, Lakewood, for appellee.

Stephen H. Harhai, Susan B. Price, Denver, for appellant.

ENOCH, Chief Judge.

In this dissolution of marriage proceeding, Todd Fjeldheim, husband, appeals from the property settlement judgment, contending that the trial court erred in its ruling that a $7,000 personal injury settlement offer was separate property, and its ruling that the appreciation in husband's separate property was marital property. We reverse and remand.

The parties were married in 1979. The petition for dissolution was filed in 1981, and a hearing on permanent orders was held in 1982 on stipulated facts which set the values of the assets of the marriage, both marital and separate. The assets included one house which was brought into the marriage by the husband, another house brought into the marriage by the wife, and the $7,000 personal injury settlement offer received by the wife from an insurer following her claim for damages which arose from an automobile accident. The accident occurred during the marriage, and at the time of the hearing it was stipulated that the money was immediately available to the wife, at her discretion. No children were born to the marriage, and both parties waived maintenance.

## I.

Husband contends that the trial court erred in ruling that the personal injury settlement offer, as compensation for wife's pain and suffering only, was separate, not marital, property. We agree.

The trial court found that the personal injury settlement offer was property under the guidelines set forth in *In Re Marriage of Ellis*, 36 Colo.App. 234, 538 P.2d 1347 (1975), *affirmed*, 191 Colo. 317, 552 P.2d 506 (1975), and this finding is not contested by either party. Such an offer can be considered by the trial court at the time of the hearing on permanent orders because

the accident and the resulting settlement offer arose during the marriage and prior to the date of the hearing. Therefore, if the personal injury settlement offer is marital property, it is subject to division. *See In re Marriage of Johnson,* 40 Colo.App. 250, 576 P.2d 188 (1977).

The issue of whether a personal injury settlement offer is marital or separate property has not been addressed by the Colorado appellate courts. Section 14–10–113(2), C.R.S.1973, defines marital property as:

> "all property acquired by either spouse subsequent to the marriage except:
>
> (a) Property acquired by gift, bequest, devise, or descent;
>
> (b) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent;
>
> (c) Property acquired by a spouse after a decree of legal separation; and
>
> (d) Property excluded by valid agreement of the parties."

In addition, any property acquired during a marriage is presumed to be marital. Section 14–10–113(3), C.R.S.1973; *In re Marriage of Stedman,* 632 P.2d 1048 (Colo. App.1981).

Although other jurisdictions have addressed this issue with various results, *see Luxton v. Luxton,* 648 P.2d 315 (N.M. 1982); *Jurek v. Jurek,* 606 P.2d 812 (Ariz. 1980), we agree with the reasoning of the Illinois court in *Gan v. Gan,* 83 Ill.App.3d 265, 38 Ill.Dec. 882, 404 N.E.2d 306 (Ill. App.1980). In construing a statute virtually identical to ours, *see* Ill.Rev.Stat.1977, ch. 40, par. 503, the Illinois court held that personal injury settlements did not fit within any of the statutory exceptions. Therefore, the statutory presumption that property acquired during the marriage was marital property controlled. In accordance with that presumption, the court held that personal injury settlements arising out of accidents occurring during the marriage must be deemed marital property.

▐▌ Applying this rationale, we hold that a personal injury settlement offer, even if only for pain and suffering, is marital property if it arises from an accident which occurred during the marriage. By so holding, we do not mean to imply that the amount of the personal injury settlement offer here is to be awarded to husband, in whole or in part. Rather, having been declared marital property, the amount of the personal injury settlement offer is subject to disposition, along with other marital property, pursuant to § 14–10–113(1), C.R.S.1973.

## II.

Husband further contends that the trial court erred in ruling that the appreciation in husband's separate property was marital property, without first determining husband's interest in the separate property, titled to husband and husband's father. We disagree.

Husband's reliance on *In re Marriage of Wildin,* 39 Colo.App. 189, 563 P.2d 384 (1974) is misplaced. That case requires only that the property be classified as marital or separate. Here, the trial court duly classified the increase in value of husband's separate property as marital property. Section 14–10–113(1), C.R.S.1973.

▐▌ The trial court did determine husband's interest in the property by finding that the entire interest in the property belonged to the husband regardless of the state of the title, and the evidence supports this finding. The entire increase in the value of husband's separate property was therefore marital property and subject to division pursuant to § 14–10–113(1), C.R.S. 1973.

The judgment is reversed and the cause is remanded to the trial court for reconsideration of the evidence and entry of a new judgment after giving due consideration to the personal injury settlement offer as marital property.

PIERCE and SMITH, JJ., concur.