**In re the MARRIAGE OF Brant E. FIELDS, Appellant,**

**and**

**Joyce K. Fields, Appellee.**

**No. 88CA0452.**

Colorado Court of Appeals,
Div. I.

April 27, 1989.

Rehearing Denied May 18, 1989.

Certiorari Granted Sept. 18, 1989.

**1372**

Robert W. Caddes, Denver, for appellant.

Canges & Iwashko, P.C., E. Michael Canges and Jo Lauren Seavy, Denver, for appellee.

PLANK, Judge.

In this dissolution of marriage action, Brant E. Fields (husband) appeals the order of the trial court regarding the apportionment of custody evaluation report costs. As to that order, we reverse and remand for more adequate findings. We also consider a question of first impression in Colorado: Whether an unliquidated personal injury claim is marital property or the separate property of the injured spouse. The trial court determined that the claim was marital property. We agree and accordingly affirm that portion of its judgment, but reverse and remand for additional findings in support of the court's division of that property.

## I.

The husband first contends that the trial court erred in failing to address apportionment of the cost of the custody evaluation. We agree.

At the hearing, the trial court initially stated that the husband would pay the retainer but that "the cost would be apportioned at the time of final orders." However, at the hearing on permanent orders when the husband testified that he had paid over $5600 in custody evaluation costs,

the court failed to mention or refer to the costs he had incurred. Furthermore, in a motion for a new trial, the husband again brought the evaluation costs into issue. The trial court did not address this matter or indicate that the payment was considered in the distribution of the assets of the marital estate. Thus, we cannot determine from the record what credit or consideration was given to the husband for the costs he had incurred in paying for the custody evaluation. Accordingly, this matter must be remanded to the trial court to make the required findings pursuant to § 14–10–113, C.R.S. (1987 Repl.Vol. 6B).

## II.

The major issue presented on this appeal is whether an unliquidated personal injury claim is marital property, in whole or in part, within the meaning of § 14–10–113, C.R.S. (1987 Repl.Vol. 6B).

The parties were married on May 16, 1984. On January 29, 1986, the date that the parties separated, the cause of action on the husband's personal injury claim arose. The determination that the cause of action was marital property was made in the permanent orders entered by the trial court on February 19, 1988. At the time of permanent orders, the personal injury claim had not been set for trial, and no offer of settlement of any kind had been made or discussed. The husband argues that the trial court erred in determining this claim was marital property. We disagree.

The starting point for our analysis is the statute which governs the distribution of property in dissolution cases. Section 14–10–113(2), C.R.S. (1987 Repl.Vol. 6B) provides in pertinent part:

"For purposes of this article only, 'marital property' means all property acquired by either spouse subsequent to the marriage except:

(a) Property acquired by gift, bequest, devise, or descent;

(b) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;

(c) Property acquired by a spouse after a decree of legal separation; and

(d) Property excluded by valid agreement of the parties."

In addition, pursuant to § 14–10–113(3), C.R.S. (1987 Repl.Vol. 6A), all property that is acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of ownership such as joint tenancy.

■ The presumption of marital property is overcome only by establishing that the property was acquired by a method listed in § 14–10–113(2). As a result, if a husband and wife have assets which do not fall within the specific definition of separate property, those assets are deemed to be marital property and are thus subject to an equitable distribution by the court.

Consistent with the statutory scheme, this court held in *In re Marriage of Fjeldheim*, 676 P.2d 1234 (Colo.App.1983), that a personal injury *settlement offer* was marital property because the injury occurred and the offer was made prior to the date of the hearing for entry of final orders. In analyzing whether a personal injury settlement offer was marital property, the court adopted the "literal approach" in construing § 14–10–113(2) and (3). Under this approach, if the particular property at issue does not fit into one of the statutory exceptions for separate property, then the property is deemed marital. Thus, there is no statutory basis for treating husband's tort claim as separate property.

However, the husband argues that his pending tort claim lacks the necessary attributes of property and that, therefore, *Fjeldheim* is not dispositive. The husband points out that at the time of entry of permanent orders, the tort claim had no cash value, no loan value, no redemption value, no lump sum value, no value realizable after death, and no known settlement value. Accordingly, he argues that it should not have been held to be property within the meaning of § 14–10–113. Again, we disagree.

In interpreting "equitable distribution" statutes, courts in other states have ruled that unliquidated personal injury claims arising during a marriage are marital property. *See Boyce v. Boyce*, 541 A.2d 614 (D.C.App.1988); *In re Marriage of Burt*, 144 Ill.App.3d 177, 98 Ill.Dec. 746, 494 N.E.2d 868 (1986).

Another line of cases, focusing on the uncertain value of the claim, hold that the entire claim is the injured spouse's separate property. *See, e.g., Hurley v. Hurley*, 342 Pa.Super. 156, 492 A.2d 439 (1985). The courts which follow this rationale have done so because of the uncertainty encountered in placing a monetary value on a claim without engaging in conjecture and speculation. *Hurley v. Hurley, supra.*

We do not view the uncertainty encountered in valuing the claim as requiring its classification as separate property. The Colorado Supreme Court has held that pension benefits, despite their contingent nature, are marital property. In *In re Marriage of Gallo*, 752 P.2d 47 (Colo.1988) the court stated:

"[T]his court has joined other courts in stating that contingencies should be taken into account when the court disposes of the marital property between the parties, not when determining which assets belong in the marital estate."

*See In re Marriage of Grubb*, 745 P.2d 661 (Colo.1987).

■ As a result, the personal injury claim is subject to disposition, along with other marital property, pursuant to the provisions set forth in § 14–10–113.

■ The trial court has discretion in providing a just and equitable property settlement under § 14–10–113. And, we recognize that a trial court may have some difficulty in valuing and dividing an unliquidated personal injury claim. For this reason, we agree with the trial court that a percentage share of any future benefits received is a proper method to divide this type of marital property.

■ In light of the foregoing, we conclude that in order to determine what the equitable share of the personal injury claim

should be, the trial court should consider the actual effect that the personal injury had on the marital estate. Among the factors that could affect the marital estate are items such as lost income, medical expenses, and inability to meet marital obligations such as maintenance and child support. This list is not meant to be all-inclusive of the factors to be considered as other items might be relevant in different circumstances.

■ Here, the trial court. did not articulate the reasons for allocating to each party a 50% interest in this property. Accordingly, on remand, the trial court should make specific findings supporting its division of this property based upon the criteria which we have set forth in this opinion.

### III.

We are advised that the trial court recently awarded custody of the minor child to the father. Accordingly, we decline to consider all assignments of error relating to this issue.

The trial court ruling that husband's unliquidated personal injury claim is marital property is affirmed. The judgment is reversed and the cause is remanded for entry of findings on the division of that personal injury claim and on the division of custody evaluation costs consistent with the views expressed in this opinion.

PIERCE, J., concurs.

RULAND, J., concurs in part and dissents in part.

RULAND, Judge, concurring in part and dissenting in part.

I agree with the disposition of this appeal as to the costs of the evaluation report, but I respectfully dissent from Part II of the majority opinion.

In this jurisdiction, the right of a spouse to recover damages arising out of the tortious conduct of another has, in effect, been treated as a separate property right. Thus, for example, one spouse has no right to recover damages for the pain and suffering incurred by the other; rather, that spouse's claim is separate and is limited to loss of consortium. *See* § 14-2-209, C.R.S. (1987 Repl.Vol. 6B); *Crouch v. West,* 29 Colo.App. 72, 477 P.2d 805 (1970). Similarly, in the event of a spouse's death, the surviving spouse has no right to recover for the decedent's physical and mental pain, body disfigurement, and decreased earning power. *Lee v. City of Fort Morgan,* 77 Colo. 135, 235 P. 348 (1925). Instead, the surviving spouse's separate right is to recover for net pecuniary loss arising out of the deceased spouse's death. *Fish v. Liley,* 120 Colo. 156, 208 P.2d 930 (1949).

In my view, § 14–10–113(2), C.R.S. (1987 Repl.Vol. 6B) preserves this distinction by limiting marital property to that "acquired" subsequent to the marriage. "Acquired" has a well established meaning and pertains to property "attained by the individual by or as if by his own efforts." *Webster's Third New International Dictionary* 18 (1961). Thus, I am persuaded by the analysis of the court in *Unkle v. Unkle,* 305 Md. 587, 505 A.2d 849 (1986) that the right of recovery allocated to an injured spouse based upon the tortious conduct of another may not be deemed an acquired marital right. It arises from unanticipated adversity which is totally unrelated to any initiative to acquire marital assets. I recognize that, to the extent the marital estate has been diminished by payment of costs such as medical expenses, and by the loss of wages, the trial court should have discretion to provide for reimbursement. Similarly, future lost wages may be considered in connection with any award of child support or maintenance. However, to the extent an injured spouse is entitled to recover for physical or mental pain and suffering, future medical expenses, or permanent or partial disability, these items should not be subject to any type of division which benefits the uninjured spouse.

As stated in *Amato v. Amato,* 180 N.J. Super. 210, 434 A.2d 639 (1981):

> "Nothing is more personal than the entirely subjective sensations of agonizing pain, mental anguish, embarrassment because of scarring or disfigurement, and outrage attending a severe bodily injury.

Mental injury, as well, has many of these characteristics.

... None of these, including the frustrations of diminution or loss of normal body functions or movements, can be sensed, or need they be borne, by anyone but the injured spouse. Why, then, should the law, seeking to be equitable, coin these factors into money to even partially benefit the uninjured and estranged spouse? In such case, the law would literally heap insult upon injury. The uninjured spouse has his or her separate and equally personal right to an action for loss of consortium."

The rule of *Amato* was approved by the Supreme Court of New Jersey in *Landwehr v. Landwehr*, 111 N.J. 491, 545 A.2d 738 (N.J.1988). Hence, I would reverse the trial court's ruling that the husband's personal injury claim is marital property and I would remand with directions to the trial court to order distribution of any proceeds realized from the claim consistent with the views expressed in this dissent.