John H. Savage, Admr., Appellee, *vs.* The Chicago and Joliet Electric Railway Company, Appellant.

*Opinion filed February 19, 1909.*

1. Trial—*evidence favorable to plaintiff must be taken as true on motion to direct verdict for defendant.* In passing upon a motion to direct a verdict for the defendant in a personal injury case the evidence favorable to the plaintiff must be assumed to be true.

2. Negligence—*what tends to sustain averments of negligence.* Evidence that the street car which struck the deceased at a street intersection was running rapidly; that the deceased was picked up over fifty feet from where he was struck and over twenty feet from the track; that the car had run by a signal at the crossing and was not stopped for half a block; that the accident occurred at night and no bell or gong was sounded, sustains allegations that the car was negligently operated and run at a dangerous speed in the night without sounding a gong or bell.

3. Same—*when the question whether the deceased was guilty of contributory negligence is for the jury.* Whether the deceased was guilty of contributory negligence in walking across the track, where he was struck by defendant's street car, is a question for the jury, where there is evidence tending to show that the street intersection was not lighted, that the headlight of the car was dim, that the car was running rapidly and that no bell or gong was sounded.

4. Damages—*when damages cannot be recovered for a death.* Where the plaintiff in a personal injury case dies after beginning suit and his administrator is substituted as plaintiff, the latter can not, in such suit, recover for the death of the deceased, but only the damages sustained by the deceased up to the time of his death.

5. Street railways—*cars must not be operated at speed incompatible with customary use of streets by public.* A street railway company has no right to make such use of the streets as to prevent the lawful and customary use of the streets by the public or to operate its cars at a rate of speed incompatible with such use.

6. Instructions—*when instructions are not inconsistent.* An instruction authorizing the jury to disregard a release of damages, in arriving at a verdict, if its execution was obtained by fraud, without the deceased knowing its contents, is not inconsistent with an instruction authorizing the jury to deduct the sum paid from the damages, as, taken together, they amount to a holding that the release, if obtained by fraud in its execution, was no defense but that the amount paid might be deducted from the damages.

7. APPEALS AND ERRORS—*whether damages as reduced by remit-. titur are excessive is a question of fact.* Where the plaintiff in a personal injury case dies pending suit and his administrator is substituted as the plaintiff, the question whether the damages, as reduced by a *remittitur* required by the trial court, exceed the actual pecuniary loss to the deceased up to the time of his death, is a question of fact not reviewable by the Supreme Court.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. A. O. MARSHALL, Judge, presiding.

. E. MEERS, for appellant.

BARR, BARR & BARR for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 15, 1907, the appellant, Chicago and Joliet Electric Railway Company, was operating a street car line . in the village of Rockdale, in Will county. At about eleven o'clock at night Dominik Blasinouski came out of a saloon with a can of beer at the intersection of Moen and Midland avenues, in the village, and while crossing over the street car tracks was struck by a car and thrown a considerable distance on the street, causing a fracture of his skull and a broken clavicle. He was taken to a hospital, and while there was paid $50 and signed with his mark a release of any claim against appellant. Afterward he brought suit in the circuit court of Will county against appellant to recover damages for his injuries, and on July 26, 1907, filed a declaration containing two counts, in which he alleged that he was in the act of crossing the street car tracks with all due care for his own safety when he was struck by the car and injured. The first count charged the defendant with carelessness and negligence generally in driving and managing

the car, and the second charged that the car was operated
at a reckless and dangerous rate of speed in the night time
and no gong or bell was sounded. The plaintiff died in
January, 1908, and the appellee, John H. Savage, having
been appointed administrator, was substituted as plaintiff.
The necessary amendments of the declaration were made
and the cause was tried, resulting in a verdict for the plain-
tiff for $3000. Upon the hearing of a motion for a new
trial the court required the plaintiff to remit $1500, and
the *remittitur* having been entered a new trial was denied.
Judgment was entered for $1500, and the Appellate Court
for the Second District affirmed the judgment.

The argument in support of the assignment of errors is
devoted to the two propositions that the trial court erred
in refusing to direct a verdict of not guilty and in instruct-
ing the jury. It is urged that the court ought to have di-
rected a verdict of not guilty, both because the evidence did
not show negligence on the part of the defendant and be-
cause the deceased was guilty of negligence which barred a
recovery. In ruling on the motion the court was bound to
assume that the evidence favorable to the plaintiff was true,
and on that assumption the facts were as follows: A man
was waiting at the street corner to take the car and was
about three feet from the track. He signaled the motor-
man to stop by holding up his hand, but the car passed him
at a high rate of speed. There was no one on board the
car but the motorman and conductor, and it was running
somewhere from twelve to fifteen miles an hour. The de-
ceased passed the witness just before the car reached him,
and as he stepped on the track was struck by the car and
was picked up from fifty to sixty feet from the place where
he was struck and twenty-three feet from the street car
track, which indicated great speed. The motorman was un-
able to stop the car until it had reached the middle of the
block. A witness who was standing on the street at a place

where he would have heard a bell or gong if it had been sounded, heard no bell or gong as the car approached. He testified positively that no gong or bell was sounded. The evidence for the plaintiff was sufficient to sustain the charge of negligence against the defendant. The court could not say, as a matter of law, that the deceased was guilty of negligence. There was no light at the street intersection and the headlight of the car was very dim. The deceased had been in the saloon for a can of beer but did not take a drink and was entirely sober. There was some evidence that he was walking fast or running, but a witness for the plaintiff said that he did not run but just walked across the track, and the testimony of that witness is to be taken as true in considering the question whether there was evidence to sustain a verdict. The question whether the deceased was in the exercise of due care was one of fact under the evidence, which the court properly submitted to the jury.

It is argued that the court erred in failing to instruct the jury that if the accident in question caused the death of the deceased there could not be a recovery. The court, in an instruction given at the request of the plaintiff, informed the jury that the plaintiff could not recover for the death of the deceased and could only recover damages up to the time of his death, but it is said that evidence was introduced that the deceased was married and had four children, and that the verdict for $3000 must have included damages to them on account of his death. No objection was made to the question about the family of the deceased, but the defendant moved to exclude the answer, and the motion was sustained and the evidence excluded. The trial court considered the damages allowed as excessive and required a *remittitur* of one-half of the verdict, and whether the damages as reduced by the *remittitur* were more than the actual pecuniary loss to the deceased until the date of his death is a question of fact which we cannot consider.

The jury having been instructed that the plaintiff could not recover damages for the death of the deceased we do not see how they could have supposed that such damages could be allowed, and if the defendant desired a more definite instruction on the subject it should have requested the court to give one, and that was not done.

The court, in another instruction, told the jury that the defendant must not operate its cars in the streets at a rate of speed incompatible with the lawful and customary use by the public, and that is the law. (*Chicago City Railway Co.* v. *Tuohy,* 196 Ill. 410.) The public has a right to the use of the streets in the lawful and customary way, and a street car company has no right to make such use of the streets as to prevent that use by the public or to operate its cars at a rate of speed incompatible or inconsistent with such use. That such is the law is not denied, but it is said that the court should not have left to the jury to decide what rate of speed is inconsistent with the lawful and customary use of the streets, instead of instructing them as to the law applicable to the facts and circumstances shown by the evidence and pointing out the care required of the deceased. The jury were fully advised as to the degree of care which the deceased was required to exercise in crossing the street, and the question whether the rate of speed was inconsistent with the customary use of the street with such care was one of fact for the jury. There was no error in giving the instruction.

Finally, it is argued that two instructions in regard to the sum of money paid to the deceased at the time the release was obtained were erroneous and inconsistent, because by one instruction the jury were authorized to deduct the sum paid from the damages, and in the other they were told to disregard the release in arriving at a verdict if its execution was obtained by fraud, without the deceased knowing its contents. Taking the two instructions to-

gether, the jury would understand that the release, if obtained by fraud, would not be a matter of defense but that they might deduct the amount paid.

There is no error in the record and the judgment of the Appellate Court is affirmed.     *Judgment affirmed.*