## Charles Cromwell, Appellant, v. Thomas Davies, Appellee.

## Gen. No. 15,828.

1. INSTRUCTIONS—*when giving of peremptory erroneous.* On a motion to direct a verdict the trial court may not weigh the evidence and if there is any evidence which with all reasonable inferences to be drawn therefrom fairly tends to prove the plaintiff's case it should be submitted to the jury.

2. GAMBLING—*when transaction in stock not. Held,* under the evidence, that the transaction in question in this case, did not appear to be gambling in nature and that the evidence introduced upon the part of the plaintiff was sufficient to cast the burden upon the defendant to show that the transaction in question was illegal and void.

Trover. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 4, 1911.

JAMES TODD and HAYES MCKINNEY, for appellant.

No appearance by appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action in trover  brought by appellant against appellee to recover damages for the alleged wrongful conversion of two hundred shares of the common stock of the Southern Railway Company, represented by two certificates for one hundred shares each. The declaration contains six counts, of which the second additional count after alleging the ownership and possession by appellant of said shares of stock, further alleges, in substance, that on June 12, 1903, appellant delivered the same to appellee as collateral security for such amounts, if any, as thereafter might be due and owing from appellant to appellee; that thereafter appellant and appellee had certain transactions whereby appellant was on April 3, 1906, indebted to appellee in $1,000, but that appellee by means of false and fictitious charges, entries and accounts claimed there was then due to him $2,534.76; that on the day last aforesaid appellant demanded of appellee the return to appellant of said certificates and shares of stock, and that appellee wrongfully converted the same to his own use, etc.  Prior to the taking of any testimony in the case it was stipulated at the trial that the action was not brought under sections 130, 131 and 132 of the Criminal Code in relation to the recovery of money upon gambling contracts.  At the close of the evidence for appellant the trial court gave to the jury a peremptory instruction to find appellee not guilty, and judgment was entered upon such verdict. There is no appearance for appellee in this court, and counsel for appellant state in their brief that the trial court was moved to give the peremptory instruction upon the ground that

the evidence on behalf of appellant showed the transaction to be a gambling one within the meaning of the statute, and therefore appellant was precluded from a recovery.

Briefly stated the evidence discloses the following state of facts:

In June, 1903, appellee who was engaged in the brokerage business in Chicago having ascertained that appellant was buying and selling shares of the common stock of the Southern Railway Company, solicited his business in that line, and as an inducement offered appellant the benefit of a purchase and sale of one hundred shares of said stock which appellee had then consummated. Appellant was then the owner of two hundred shares of said stock, represented by two certificates for one hundred shares each, one of which certificates was held by a brokerage firm as collateral security for advancements to appellant amounting to $700, and the other certificate was then held by another brokerage firm as collateral security for like advancements amounting to $2300. Appellee proposed that if appellant would furnish $500 in cash, he (appellee) would advance the $3000 necessary to take up the two certificates. This proposition was accepted by appellant and having obtained appellee's check for $3,000, he therewith obtained the two certificates and delivered them, together with $500, to appellee. Separate receipts for each of said certificates were given by appellee to appellant, which receipts contained a printed recital as follows: "As security for margin account." Commencing June 8, 1903, and continuing at intervals thereafter until September 22, 1905, appellee conducted for the account of appellant twenty-one transactions purporting to involve the purchase of shares of the common stock of the Southern Railway Company and twenty-three transactions purporting to involve the sale of like shares of stock, and one trans-

action purporting to involve the return of two hundred shares previously borrowed to cover a short sale.   In each instance save one, wherein the purported purchase of two hundred shares was involved, the transaction purported to involve the purchase or sale of either one hundred shares or fifty shares.   Upon the purported consummation of each transaction, whether of purchase or sale, except as to one of two hundred shares claimed to have been purchased September 22, 1905, appellee mailed to appellant a bought or sold confirmation, in part, as follows:   ''We have bought this day for your account and risk,'' or ''We have sold this day for your account and risk,'' and wherein was also stated the number of shares purported to have been bought or sold and the price.   These confirmations were accepted by appellant without objection.   During the pendency of these transactions appellee submitted to appellant seven statements wherein appellant was charged with the amount purported to have been paid for shares purchased, together with broker's commission and interest on any balance due appellee, and wherein appellant was credited with the amount purporting to have been received for shares sold, less broker's commission.   The last of said statements purported to show a balance due appellee of $2,534.76, which amount appellant tendered to him, and demanded the return of the two certificates which had been delivered by appellant to appellee at the beginning of their transactions.

Appellant testified that when he delivered the two certificates for two hundred shares to appellee, he told appellee the stock was to be held by the latter as collateral and that appellee was to buy and sell shares for appellant's account; that the stock represented by said two certificates was not put up for margin account, but was given to appellee as collateral against anything he might buy or sell for appellant; that the

two hundred shares were then worth about $4,400; that he understood and believed appellee was actually buying and selling the shares involved in the transactions represented by the several confirmations, and that when a purchase was made appellee actually paid the purchase price in money and received the shares; that he was paying interest on money advanced by appellee upon his account; that he was not permitting appellee to buy and sell on the market and settling with him on differences, and that the transactions were not settled on differences; that he had not received any of the shares purchased in his possession, and had not asked for them for the reason that he was constantly buying and selling through appellee as his agent; that during all of the transactions involved he was financially able to pay for all of the shares purchased for him by appellee; that the purchases and sales were made by appellee under a general direction to use his own discretion.

It was stipulated at the trial that the market value of the common stock of the Southern Railway Company on April 3, 1906, being the day upon which the tender was made and the return of the certificates in question was demanded, was at least, $41.25 per share.

On a motion to direct a verdict the trial court may not weigh the evidence, and if there is any evidence which, with all reasonable inferences to be drawn therefrom, fairly tends to prove the plaintiff's case it should be submitted to the jury. Alton Manufacturing Company v. Garrett Biblical Institute, 243 Ill. 298. The trial court was bound to assume that the evidence favorable to appellant was true. Savage v. C. & J. Railway Company, 238 Ill. 392.

Assuming the testimony of appellant in the case at bar to be true the purchases and sales of the shares of stock by appellee for the account of appellant were not gambling transactions. The several transactions

involving the purchase and sale of shares of stock were not mere option contracts for delivery in the future, but were contracts involving a delivery of the shares to appellee as the agent of appellant *in presenti*. Neither was there an agreement nor an understanding that the transactions should be settled by the payment of the difference between the contract price of the shares and their market value at the time fixed or at some future time. The presence of the elements which are wanting in this case are essential to constitute dealings in stocks or other commodities, gambling transactions within the law. Jamieson v. Wallace, 167 Ill. 388; Pratt v. Ashmore, 224 Ill. 587; Pelouze v. Slaughter, 241 Ill. 215; Johnson v. Milmine, 150 Ill. App. 208.

The showing made by the testimony and proofs offered on behalf of appellant was sufficient to cast the burden upon appellee to show that the transactions were illegal and void. Clews v. Jamieson, 182 U. S. 461; Pelouze v. Slaughter, *supra.*

In Pelouze v. Slaughter, *supra,* where the transactions involved were held not to have been illegal and void, the attendant facts and circumstances are so akin to those disclosed by the record in the case at bar, that it is conclusive authority in favor of the position here taken by appellant.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*