ERNEST H. SMILEY, Admr., Defendant in Error, *vs.* THE EAST ST. LOUIS AND SUBURBAN RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed December 17, 1912.*

1. NEGLIGENCE—*what is meant by "lawful and customary" use of streets.* The words "lawful and customary," when applied to the use which is ordinarily made of streets by the public, refer to the manner or mode in which the streets are used, rather than to the frequency of such use or number of persons who may use them.

2. SAME—*"lawful" use of a street means "according to law."* The word "lawful" means "according to law," and when used as an adjective qualifying the use of a road or street it is used in contradistinction to a use which is unlawful, such as racing upon the highway, being upon the highway to place obstructions therein or create a nuisance therein, and the like.

3. SAME—*"customary" use of street means ordinary purpose of its use.* The "customary" use of a street means its use for the purpose for which it is ordinarily and usually used, which is for travel from one point to another by usual and lawful modes.

4. SAME—*use of a street by an automobile is a lawful mode of travel.* The use of a street by an automobile, when operated with due care and caution and according to the police regulations of the State, is both a lawful and customary use of such street.

5. SAME—*persons lawfully using streets are within the protection of the law.* Persons lawfully using the streets are within the

protection of the law, both in respect to the duty imposed upon municipal corporations to use reasonable diligence to keep the streets in reasonably safe condition, and to the duties which may be owing from others who may be also using the streets for lawful purposes.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

AUGUST BARTHEL, JAMES A. FARMER, and LOUIS KLINGEL, for plaintiff in error.

F. J. TECKLENBERG, and D. J. SULLIVAN, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Ernest H. Smiley, administrator of the estate of John C. Louden, brought an action of case against the East St. Louis and Suburban Railway Company to recover damages for negligently causing the death of plaintiff's intestate. Plaintiff below had a verdict for $5000, upon which the circuit court of St. Clair county rendered judgment. The judgment having been affirmed by the Appellate Court for the Fourth District, the cause has been brought to this court for further review by *certiorari*.

There were three counts in the declaration, the first of which charged that plaintiff in error so negligently and carelessly operated, controlled and managed one of its cars across Second street, in the city of Lebanon, that it was driven against an automobile in which plaintiff's intestate was riding, thereby throwing him out and inflicting injuries which caused his death. The second count charged that plaintiff in error was operating its car at a high and dangerous rate of speed without ringing a bell or sounding a whistle or giving other notice of its approach to the

crossing. The third count charged that the car was being operated at a high and dangerous rate of speed, contrary to the provisions of an ordinance of the city of Lebanon which limited the speed of cars to ten miles an hour.

A brief outline of the facts is as follows: On June 14, 1910, plaintiff in error was operating a line of electric cars between the cities of Lebanon and East St. Louis. From its eastern terminus the railroad tracks ran in a westerly direction for several blocks and then turned south through a narrow street about twenty feet wide, called Horner street. From the point where the railway tracks turn into Horner street there was a down-grade towards the south to and beyond Second street, which was crossed at right angles by the railroad tracks on Horner street. On the day of the accident the defendant in error's intestate, John C. Louden, left his home on Second street, a block or two west of its intersection with Horner street, riding in a light automobile, and traveled east on Second street towards its intersection with Horner street, going at the rate of about four or five miles an hour. While the automobile was passing over the tracks it was struck by the plaintiff in error's south-bound car, inflicting injuries upon Louden which resulted in his death soon thereafter.

The proof shows that the collision occurred at the intersection of the two streets above named, within the corporate limits of the city of Lebanon. Evidence was introduced showing the general situation as to buildings and other obstructions in the vicinity of this crossing, the location of Second street and its distance from the business center of the city. Photographs showing said street and other objects around the crossing in question were exhibited, but there was no direct evidence as to the extent of travel on Second street.

The only errors complained of in this court are the alleged error of the trial court in giving three instructions on behalf of the defendant in error, and the refusal of the

Appellate Court to reverse the judgment and remand the cause because of such alleged erroneous instructions.

The instructions complained of are the third, fourth and sixth given on behalf of defendant in error. The third instruction is as follows:

"The court instructs the jury that while the defendant had a right to operate its cars in the streets of the city of Lebanon, yet it was required to use reasonable care to operate its cars on such public streets with due regard to the *lawful* and *customary* use of such streets by others; and in this case, if you believe, from a preponderance of the evidence, that the defendant, at the time deceased was killed, was not operating the car in question with regard to the *lawful* and *customary* use of the streets, at the place where the collision occurred, by others, but was guilty of negligence in the operation of said car, as charged in the declaration or some count thereof, and that such negligence caused the death of plaintiff's intestate, and that the plaintiff's intestate, at and before he was injured, was in the exercise of ordinary care for his own safety, then you should find the defendant guilty."

The plaintiff in error concedes that this instruction contains a correct proposition of law, but it is said that there is no evidence in the record upon which to base it. Plaintiff in error contends that the phrase, "the lawful and customary use of such streets by others," which appears twice in the said instruction, refers to and means the extent of travel upon said Second street, and there being no proof in the record as to the extent to which said street was traveled, there is no evidence upon which to base that portion of the instruction referring to the "lawful and customary use of such streets."

Plaintiff in error's contention appears to be based upon a misapprehension as to the natural and reasonable interpretation of the language of the instruction. The words "lawful and customary," when applied to the use which is

ordinarily made of streets by the public, refer to the manner or mode in which the street is used rather than to the frequency of such use or the number of persons who may use such streets. The word "lawful" means "according to law," and when used as an adjective qualifying the use of a road or a street it is used in contradistinction to a use which is unlawful, such as racing upon the highway, or being upon the highway for the purpose of placing obstructions therein or creating a nuisance therein, and the like. Driving a motor vehicle upon the highway in excess of the speed limit might be regarded as an unlawful use. Any use which is forbidden by the public laws of the State would not be included in the phrase "lawful use." Persons in the lawful use of streets or highways are within the protection of the law, while those who make an unlawful use of them stand upon a different footing, both in respect to the duties imposed upon municipalities to use reasonable diligence to keep their highways in a reasonably safe condition, and also in respect to the duties which may be owing from third persons who may be lawfully using the highways for proper purposes. The duty of a municipality with reference to the maintenance of its streets and highways in a reasonably safe condition is only owing to persons who are with due care and caution using such highways for the ordinary, lawful purposes for which such highways are established. The use of bicycles and automobiles upon streets and highways is a lawful means of travel. (*Molway* v. *City of Chicago,* 239 Ill. 486.) The word "customary" ordinarily means "according to usage." It is an adjective and frequently occurs in contracts, qualifying such words as "discharge," "dispatch" and "practice," and when thus used means practically the same as "usual." When applied to the use of a street, as it is in the instruction under consideration, we think it refers to the mode or manner in which the street is used. When we speak of the customary use of anything, we mean the use

of it for the purpose and in the manner such thing is usually and ordinarily used. The customary, or usual and ordinary, use of a street is for travel from one point to another by the usual and lawful modes of travel. Thus, one driving a horse-drawn vehicle along and over a street is using such street in a lawful and customary manner, because that is one of the ordinary and usual purposes for which streets are maintained. The use of a street by an automobile, when operated with due care and caution according to the police regulations of the State, must be regarded as both a "lawful" and a "customary" use of such street.

In *Savage* v. *Chicago and Joliet Electric Railway Co.* 238 Ill. 392, this court had before it an instruction containing the phrase, "lawful and customary use by the public," as applied to a street. The precise criticism made upon the instruction in the case at bar does not appear to have been made in that case, but it is clear from the discussion in the opinion that the phrase was understood and construed by this court as referring to the manner or way in which streets are used and not to the frequency thereof. This court held that the instruction, which informed the jury that the defendant must not operate its cars in the streets at a rate of speed incompatible with the "lawful and customary use by the public," was good law, citing *Chicago City Railway Co.* v. *Tuohy,* 196 Ill. 410. It is there pointed out that the public has a right to the use of the streets in the "lawful and customary way," and that the street car company had no right to operate its trains or cars in the streets at a rate of speed incompatible or inconsistent with such lawful use by the public. While that case is not a direct authority in support of the view we have expressed, still, as far as it goes it tends to support the construction we have placed upon the instruction now under consideration. Plaintiff in error's argument is based entirely upon the assumption that the words "law-

ful and customary use of the streets" would be understood by the jury as referring to the extent of travel upon such streets. If the jury so understood the instruction it would be misleading unless there was evidence showing the extent of the travel upon Second street, but we do not think that the instruction can reasonably be so construed.

The complaint made of instructions Nos. 4 and 6, both of which contain the phrase "lawful and customary use of the streets," is the same as that already discussed in regard to instruction No. 3, and what has been said sufficiently answers the objections to those instructions.

There are no other reasons urged upon our attention for the reversal of this judgment, and the judgment of the Appellate Court for the Fourth District is affirmed.

*Judgment affirmed.*